UNITED STATES of America, Appellant,

v.

The ROBERT A. WELCH FOUNDA-TION, Appellee.

No. 20974.

United States Court of Appeals Fifth Circuit.

July 20, 1964.

Rehearing Denied Oct. 21, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., Houston, Tex., Melva M. Graney, Atty., Dept. of Justice, Washington, D. C., Karl Schmeidler, Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellant.

Homer L. Bruce, Robert J. Piro, William C. Griffith, Houston, Tex., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, PRETTY-MAN* and JONES, Circuit Judges.

PER CURIAM:

The district court entered a summary judgment sustaining a tax refund claim of the taxpayer, The Robert A. Welch Foundation. The United States has appealed. The question presented is whether income received by an exempt foundation from two corporations, of which it was the controlling stockholder, was derived from a working interest in oil and gas properties, as the Government contends, and hence constituted unrelated business taxable income under Sections 511 to 513 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 511–513; or as the taxpayer contends and the district court held, the income was received from overriding royalties which are excluded from the category of unrelated business taxable income under 26 U.S.C.A. § 512 (b) (2).

In its findings of fact and conclusions of law, the district court determined that the contracts, under which the foundation received income in the form of overriding royalties, did in truth and in fact create income from overriding royalties and not income from working interests. The Robert A. Welch Foundation v. United States, 228 F.Supp. 881. Because of the clear and complete findings of the district court we find it unnecessary to enlarge an opinion of this Court with a fact recital.

To us, the contracts seem clear and plain, and the evidence with respect to them makes them even clearer and plainer. It would deny to the facts their plain and compulsory meaning to hold that the form into which the payments were cast by the contracts and the action of the parties resulted in such payments being taxable income.

The burden of the Government's claim is that there is a lack of reality in what was done, and that while the contract documents were so framed as to create the appearance of overriding royalties,

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

nevertheless the substance of the transactions left it with working interests. To agree with these views would call for a departure from the concepts of the terms, "overriding royalties" and "working interests." The taxpayer has shown itself to be under the statute and is entitled to the benefit that Congress intended by the statutory provisions.

The facts found by the district court are supported by the record. We are in agreement with its conclusions and approve its decision. The judgment of the district court is affirmed.